UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CATHERINE CELESTINO,                                    Civ. No. 6:11-cv-6367-AA

      Plaintiff,                                       OPINION AND ORDER

    v.

RECONTRUST COMPANY, N.A.; BANK
OF AMERICA, N.A., FKA BAC HOME
LOAN SERVICING; THE BANK OF NEW
YORK MELLON FKA THE BANK OF
NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS CWABS, INC.,
ASSET BACKED CERTIFICATES, SERIES
2007-6; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

      Defendants.

_____

Jeffrey A. Meyers
Bowles Fernandez Law LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR  97035
      Attorney for plaintiff

1    - OPINION AND ORDER

Pilar C. French
Peter D. Hawkes
Lane Powell, PC
601 SW Second Ave, Suite 2100
Portland, OR 97204-3158
     Attorneys for defendants

Aiken, Chief Judge:

     Plaintiff Catherine Celestino brings this action for wrongful foreclosure against defendants

ReconTrust Company (ReconTrust); Bank of America, f/n/a BAC Home Loan Servicing; Bank of

New York Mellon (BNYM) f/n/a the Bank of New York; and Mortgage Electronic Registration

Systems, Inc. (MERS). Plaintiff's claims arise from the nonjudicial foreclosure of her property on

September 26, 2011. Plaintiff contends that the trustee sale of her property was unauthorized and

void under the Oregon Trust Deed Act (OTDA). Or. Rev. Stat. § 86.705 *et. seq.* Defendants move

to dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted

pursuant to Fed. R. Civ. P. 12(b)(6) and Or. Rev. Stat. § 86.742(3). Defendants argue that plaintiff

is precluded from challenging the trustee sale and that the sale was valid and complied with all

requirements of the OTDA.

     Defendants' motion is granted with respect to plaintiff's claim for lack of consideration and

denied with leave to renew in all other respects. In light of this Court's recent certification of

questions to the Oregon Supreme Court, plaintiff's remaining claims are stayed.

## I. Factual Background

     Except where otherwise noted, the following facts are take from plaintiff's Complaint and

accepted as true and construed in the light most favorable to plaintiff for purposes of this motion.

Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012).

2    - OPINION AND ORDER

On or about February 15, 2007, plaintiff financed the purchase of her property with a loan in the amount of $161,600.00 from Paramount Equity Mortgage (Paramount), presumably evidenced by a promissory note (Note). A Deed of Trust (DOT) to the property secured plaintiff's repayment obligations under the Note. The DOT identifies Paramount as the "Lender," plaintiff as the "Borrower," and MERS as the "beneficiary" of the DOT, acting "solely as a nominee for Lender and Lender's successors and assigns." Compl. Ex. 1 at 1. The DOT also provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this [DOT], but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this [DOT].

Id. Ex. 1 at 3. The DOT further states that "[t]he Note or a partial interest in the Note (together with [the DOT]) can be sold one or more times without prior notice to Borrower." Id. Ex. 1 at 11.

Plaintiff alleges that the Note was transferred to CWABS, Inc. Asset Backed Certificates, Series 2007-6, a Real Estate Mortgage Investment Conduit (REMIC), for which the Bank of New York Mellon (BNYM) was a trustee. The REMIC is governed by a series of agreements known collectively as the Pooling and Servicing Agreement (PSA), which in turn names Countrywide Home Loans Servicing LP (Countrywide) as the Sponsor/Seller and CWABS, Inc. as the Depositor. Compl. Ex. 2 at 1. Plaintiff contends that pursuant to the PSA, the Note was transferred on several occasions prior to March 1, 2007, and on March 1 2007, the Note was transferred from CWABS, Inc. to BNYM. See Pl.'s Response to Motion to Dismiss at 6-7.

On December 16, 2009, MERS as "beneficiary" assigned the DOT to BNYM, and BNYM appointed ReconTrust as a successor trustee. Compl. Exs. 3, 5. The assignment of the DOT and the

3    - OPINION AND ORDER

appointment of successor trustee were signed by G. Hernandez as "Assistant Secretary" for MERS and BNYM, respectively. Also on December 16, 2009, ReconTrust executed a Notice of Default (NOD) and Election to Sell. Compl. Ex. 4.

On May 26, 2010, ReconTrust rescinded the NOD "by reason of the default being cured" and "removed, paid, and overcome so that said Trust Deed should be reinstated." Compl. Ex. 6 at 2. The Rescission was recorded on May 28, 2010.

On May 17, 2011, ReconTrust again issued a NOD claiming that part of the sum identified in the first NOD was due and owing, and that plaintiff was again in default. Compl. Ex. 7. The second NOD was recorded on May 19, 2011. Also on May 17, 2011, BNYM executed an assignment of the DOT to itself. Compl. Ex. 8.

On September 26, 2011, the property was sold at a trustee's sale, and the property reverted to BNYM.

On October 11, 2011, plaintiff filed suit in Marion County Circuit Court and defendants removed the action to this Court.

Defendants moved to dismiss plaintiff's claims, and on March 6, 2012, the court heard oral argument. On April 2, 2012, this Court certified the following four questions to the Oregon Supreme Court pursuant to Or. Rev. Stat. § 28.200 and L.R. 83-15(a):

1.  May an entity such as MERS, that is neither a lender nor successor to a lender, be a "beneficiary" as that term is used in the Oregon Trust Deed Act?

2.  May MERS be designated as beneficiary under the Oregon Trust Deed Act where the trust deed provides that MERS "holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests"?

4     - OPINION AND ORDER

3.   Does the transfer of a promissory note from the lender to a successor result in an automatic assignment of the securing trust deed that must be recorded prior to the commencement of nonjudicial foreclosure proceedings under ORS 86.735(1)?

4.   Does the Oregon Trust Deed Act allow MERS to retain and transfer legal title to a trust deed as nominee for the lender, after the note secured by the trust deed is transferred from the lender to a successor or series of successors?

See Brandrup v. ReconTrust Co., Civ. No. 3:11-cv-1390-HZ (D. Or. Apr. 2, 2012) (doc. 20). To date, the Oregon Supreme Court has not issued a decision regarding the certified questions.

## II. Discussion

In her First, Second and Third Claims for relief, plaintiff alleges that MERS was not a proper beneficiary of the DOT under the OTDA, that unrecorded assignments of the DOT occurred each time the Note was transferred, and that the appointment of ReconTrust as successor trustee was void. In her Fourth Claim for Relief, plaintiff alleges that the second NOD was defective, and in her Fifth Claim for relief, plaintiff alleges that MERS failed to give adequate consideration for its alleged beneficial interest in the DOT. In her Sixth Claim for Relief, plaintiff seeks a declaratory judgment that the trustee sale was null and void.

At the time of the foreclosure in this case, four conditions must have been met to proceed with nonjudicial foreclosure under the OTDA. First, "[t]he trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee" must have been recorded in the county where the property is located. *Former* Or. Rev. Stat. § 86.735(1) (2009). The OTDA defines "beneficiary" as the "person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest." Id. § 86.705(1). Second, there must have been a default of an obligation secured by the trust deed. Id. § 86.735(2).

Third, the trustee or beneficiary must have filed a notice of default and election to sell the property. Id. § 86.735(3). Lastly, no other action may have been instituted to recover the debt secured by the trust deed. Id. § 86.735(4). Plaintiff contends that the trustee sale in this case did not comply with the recording requirements of § 86.735(1).

As a threshold matter, defendants argue that all of plaintiff's claims must be dismissed because plaintiff has not alleged an ability to cure her default and is barred from challenging a completed trustee sale. See Or. Rev. Stat. § 86.770(1) (trustee sale conducted under OTDA "forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given"). I disagree.

A purpose of the OTDA is to "'counterbalance the foreclosure advantages given [to] the creditor . . . . The creditor is favored only as long as he follows the statute.'" James v. ReconTrust Co., 2012 WL 653871, at *5 (D. Or. Feb. 29, 2012) (quoting Ronald Brady Tippetts, Note, *Trust-Deed History in Oregon*, 44 OR. L. REV. 149, 150 (1965)). The OTDA thus "'represents a well-coordinated statutory scheme to protect grantors [borrowers] from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor. . . without the necessity for judicial action.'" Id. (quoting Staffordshire Inv., Inc. v. Cal–Western Reconveyance Corp., 209 Or. App. 528, 542, 149 P.3d 150 (2006)). Accordingly, a creditor's failure to comply strictly with the statutory process outlined in the OTDA is generally fatal to any nonjudicial foreclosure proceeding. "[T]here is nothing in the language of that section or, indeed, elsewhere in the Act, to indicate that the legislature intended the auction to be final *in the absence of legal authority to sell the property.*" Staffordshire, 209 Or. App. at 542, 149 P.3d 150 (emphasis in original); see also id. at 543 & n.8, 149 P.3d 150. In other words,

6      - OPINION AND ORDER

absent compliance with the preconditions set forth in § 86.735, there is no authority to foreclose by advertisement and sale under the OTDA and § 86.770(1) is inapplicable.

In fact, the Staffordshire court found that the failure to comply with a condition precedent to nonjudicial foreclosure was grounds to invalidate a foreclosure sale. Staffordshire, 209 Or. App. at 543, 149 P.3d 150 ("We see no basis for holding that a foreclosure sale entered into in violation of this statutory prohibition should be enforced."). The cases cited by defendants are inapposite. See, e.g. Hogan v. Nw. Trust Servs. Inc., 2010 WL 1872945 (D. Or. May 7, 2010) (pro se plaintiffs alleged predatory lending practices and fraud rather than violations of OTDA); In re Names, 2011 WL 1837819, at *4 (Bankr. D. Or. May 13, 2011) ("This case is different. Here, all of the preconditions for the trustee's authority to sell were met."). Thus, § 86.770 and completion of the trustee sale do not bar plaintiff's claims challenging the validity of the sale.

Likewise, I do not find plaintiff's alleged inability to cure her default sufficient grounds to dismiss this action in its entirety. See Hooker v. Nw. Tr. Servs., Inc., 2011 WL 2119103, *4 (D.Or. May 25, 2011) (noting that default does not permit or excuse OTDA violations). Despite defendants' argument to the contrary, Or. Rev. Stat. § 86.742(3), requiring evidence of financial ability to cure a default, does not apply where a plaintiff challenges the authority to pursue nonjudicial foreclosure; rather, that provision applies when a plaintiff alleges the failure to give notice of a foreclosure sale.

Defendants further contend that plaintiff presents no justiciable controversy, because "there will be another foreclosure - whether under the OTDA or through the judicial foreclosure process" should plaintiff succeed on her claims. Defs.' Reply at 9. Taking defendants' argument to its logical extreme, so long as a borrower is in default and notice is given, a lender or its assign need not worry whether assignments of the DOT were recorded or whether an appointment of a successor trustee

7    - OPINION AND ORDER

was valid before pursuing foreclosure through advertisement and sale. However, it is precisely these requirements, and others under the OTDA, that are designed to protect the borrower from the "*unauthorized* foreclosure and wrongful sale of property." Staffordshire, 209 Or. App. at 542, 149 P.3d 150 (emphasis added). I do not find that Oregon statutory requirements should be disregarded so easily. Thus, I proceed to the merits of plaintiff's claims.

Plaintiff argues that MERS was not a proper beneficiary, because it had no interest in the underlying Note and the DOT was not granted for MERS' benefit.[1] Consequently, if MERS was not a valid beneficiary, it could not assign the DOT to BNYM, and BNYM was not authorized to appoint ReconTrust as successor trustee. Plaintiff also alleges that conveyances of the Note from Paramount to Countrywide, from Countrywide to CWABS, Inc., and from CWABS, Inc. to BNYM resulted in assignments of the DOT that should have been recorded prior to foreclosure. Defendants counter that the language of the DOT designates MERS as the beneficiary and grants MERS the authority to exercise all rights of the lender, thus rendering MERS a valid beneficiary under the OTDA. Defendants also argue that MERS held the DOT as beneficiary until it was assigned to BNYM, and that transfers of the Note did not result in assignments of the DOT.

Aside from MERS' status as beneficiary, this case raises serious questions regarding whether transfers of the Note resulted in assignments of the DOT under Oregon law. To date, neither the

---

[1]MERS is an electronic system that "tracks the transfer of the 'beneficial interest' in home loans, as well as any changes in loan servicers." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1038-39 (9th Cir. 2011). Its members are composed of mortgage lenders, banks, insurance companies, and title companies, all of whom pay a yearly fee. Burgett v. Mortg. Elec. Registration Sys., Inc., 2010 WL 4282105, at *2 (D. Or. Oct. 20, 2010). Each member lender appoints MERS as its agent for each mortgage or trust deed it registers with the system, and MERS is listed as the lender's nominee or beneficiary of record when the trust deed is first recorded in the appropriate county's recording office. Id.; Cervantes, 656 F.3d at 1039. MERS is not a lender and generally possesses no interest in the loan or note secured by a trust deed.

8      - OPINION AND ORDER

Oregon Court of Appeals nor the Oregon Supreme Court has addressed whether MERS may serve as beneficiary of a DOT or whether transfers of a note result in assignments of the securing trust deed that must be recorded prior to nonjudicial foreclosure. This Court has attempted to resolve these issues, without consensus. See, e.g., James, 2012 WL 653871; Reeves v. ReconTrust Co., 2012 WL 652681 (D. Or. Feb. 28, 2012); Beyer v. Bank of Am., 800 F. Supp. 2d 1157 (D. Or. 2011); Hooker, 2011 WL 2119103; Burgett v. Mortg. Elec. Registration Sys., Inc., 2010 WL 4282105 (D. Or. Oct. 20, 2010). Ultimately, this Court certified four questions to the Oregon Supreme Court to resolve these important issues of Oregon law. See supra at 4-5.

The parties' primary arguments raise questions similar to those certified. Therefore, I find it appropriate to stay plaintiff's First, Second, Third, and Sixth Claims for Relief pending a decision by the Oregon Supreme Court. If certification is declined, defendants may renew their motion.

In her Fourth claim for relief, plaintiff also alleges that the NOD is defective in that the amount of default in the NOD is incorrect. From the record before the court, it is unclear whether the NOD included the correct amount of plaintiff's default or whether any amount was deemed cured. Defendants maintain that this claim should be dismissed regardless, because (as set forth above) a borrower who alleges defective notice must present evidence that the default could have been cured prior to sale. Or. Rev. Stat. § 86.742(3). Given the dispositive nature of plaintiff's other claims for relief, I also stay this claim pending resolution of the certified questions. Defendants may renew their motion as to this claim if certification is declined or if the certified questions are resolved against plaintiff.

Finally, in her Fifth claim for relief, plaintiff asserts that MERS was not a proper beneficiary because it paid no consideration for the beneficial interest it allegedly possessed in the DOT. Compl.

9    - OPINION AND ORDER

¶ 70. Defendants moved for dismissal of this claim, arguing that "concepts of contractual consideration have no application to the relationship between a lender and its nominee." Defs.' Mem. in Support at 27. Plaintiff did not respond to this argument or otherwise defend this claim against dismissal. Therefore, defendants' motion is granted with respect to this claim.

### Conclusion

For the reasons set forth above, defendants' Motion to Dismiss (doc. 11) is GRANTED with respect to plaintiff's Fifth Claim for Relief and DENIED in all other respects with leave to renew. This case is STAYED pending a decision by the Oregon Supreme Court regarding the certified questions.

IT IS SO ORDERED.

Dated this 16 day of May, 2012.

Ann Aiken
United States District Judge

10    - OPINION AND ORDER